IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARANI-ALIKE JOHNSON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-4179 |
| | : | |
| **MARTHA VON ROSENTIEL,** | : | |
| **MARTHA E VON ROSENTIEL,** | : | |
| **SHELLEY ROBIN-NEW,** | : | |
| **ANNETTE M. RIZZO,** | : | |
| **JOSHUA H ROBERTS,** | : | |
| **ANNE MARIE B COYLE,** | : | |
| **IDEE FOX,** | : | |
| **LISETTE SHIRDAN-HARRIS,** | : | |
| **ADREA TUOMINEN,** | : | |
| **ADMINISTRATIVE OFFICE OF THE** | : | |
| **PENNSYLVANIA COURT FIRST** | : | |
| **JUDICIAL DISTRICT (FJD) OF** | : | |
| **PENNSYLVANIA COURT OF** | : | |
| **COMMON PLEAS OF** | : | |
| **PHILADELPHIA COUNTY,** | : | |
| **ROCHELLE BILAL, OFFICE OF THE** | : | |
| **PHILADELPHIA SHERIFF,** | : | |
| **MICHELLE A. HENRY,** | : | |
| **PENNSYLVANIA OFFICE OF** | : | |
| **ATTORNEY GENERAL,** | : | |
| **JOSH SHAPIRO,** | : | |
| **OFFICE OF THE PENNSYLVANIA** | : | |
| **GOVERNOR,** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **MARCIA L. FUDGE,** | : | |
| **U.S. DEPARTMENT OF HOUSING AND** | : | |
| **URBAN DEVELOPMENT** | : | |

## MEMORANDUM

**KEARNEY, J.**                                               **December 29, 2023**

    A bank sued to evict a borrower in October 2023 from a home purchased with the bank's loan in 2007 following a 2009 default and after the bank first began suing to foreclose on the home in state court in 2010 leading to years of foreclosure litigation in Pennsylvania's trial and appellate

courts.  The borrower now subject to eviction is challenging the state court eviction in state court and now is also pro se suing the bank's lawyer from 2009-2015 and over twenty other persons or governmental bodies here for violating a variety of federal statutes and under Pennsylvania law.  Her rambling pro se allegations offer some guidance as to what happened and her multiple admissions in other cases in the public record offer further guidance.  We granted her leave to proceed without paying filing fees requiring we evaluate her claims for merit before imposing service costs upon the taxpayers consistent with our screening obligations set by Congress.

We dismiss her federal claims with prejudice as she does not and cannot state a claim under federal law against the named non-immune persons within the statutes of limitations. She also names several judges, elected officials, and public entities but alleges no facts or claims relating to them and most of them are immune.  We decline to exercise supplemental jurisdiction over her state law claims.  We dismiss the case with prejudice as to federal claims.

### I.  Alleged *pro se* facts and matters of public record.

Ms. Johnson signed a promissory note agreeing to repay $392,000 lent to her from World Savings Bank plus interest to buy a home in June 2007.[1]  She consistently paid approximately $1,439 a month until December 2008.[2] The Bank altered terms of the mortgage agreement without Ms. Johnson's knowledge or consent by changing the cost and risk of loan.[3] It refused to disclose material facts of the changed agreement or explain its contents to Ms. Johnson.[4] The Bank sold her obligation to the Federal Reserve.[5]

Martha Von Rosenstiel, an attorney working for a third-party debt collection law firm, Martha Von Rosenstiel, P.C., signed a notice of default letter on her Bank loan and sent it to Ms. Johnson in March 2010.[6] Attorney Von Rosenstiel did not act as a verified agent of the Bank when she signed the default letter.[7] Ms. Johnson does not plead facts about when she received the letter,

but Attorney Von Rosenstiel represented Wells Fargo in 2009 and 2010.[8]

### *Wells Fargo files a mortgage foreclosure action in 2010.*

Wells Fargo notified Ms. Johnson she defaulted on her loan in March 2010.[9] Wells Fargo Bank sued Ms. Johnson for mortgage foreclosure in April 2010.[10] Attorney Von Rosenstiel filed the case.[11] She submitted a signed letter from a Wells Fargo loan officer verifying Ms. Johnson's defaulted mortgage.[12]

Wells Fargo Bank submitted a promissory note without a valid signature to the court.[13] Attorney Von Rosenstiel withdrew from representing the Bank in the 2010 foreclosure case in July 2015. Ms. Johnson repeatedly appealed adverse Orders to the Pennsylvania Superior Court.[14] She also removed this 2010 foreclosure case to our Court on March 7, 2022; Judge Marston remanded on March 31, 2022.[15] The state court eventually found for Wells Fargo in April 2022.[16]

### *Wells Fargo files another mortgage foreclosure action in 2017.*

Wells Fargo sued Ms. Johnson again for mortgage foreclosure in 2017 during the appeals process in the 2010 foreclosure case.[17] An attorney from Phelan Hallinan Diamond and Jones LLP then represented Wells Fargo.[18] Attorney Von Rosenstiel did not participate. Ms. Johnson repeatedly appealed orders in state court.[19] She also removed this case to our Court, and we remanded it.[20] This 2017 foreclosure case appears to be currently listed for trial in state court.[21]

### *Wells Fargo forecloses and moves to evict Ms. Johnson.*

The 2010 foreclosure case eventually led to a foreclosure sale of the property.[22] Wells Fargo purchased the property at a foreclosure sale in February 2023.[23] Wells Fargo sued Ms. Johnson in Pennsylvania state court seeking to evict her from the property in October 2023.[24] Attorneys from Powers Kirn, LLC represent Wells Fargo.[25] Attorney Von Rosenstiel and her firm did not participate.

3

Pennsylvania state court judges Honorable Abbe Fletman, Sierra Thomas-Street, Damaris Garcia, and Joshua Roberts presided over the 2023 eviction case against Ms. Johnson.[26] Ms. Johnson did not consent to this suit.[27]

II.     Analysis

Ms. Johnson seeks $13.5 Million from the Bank's 2009-2015 lawyer. She also seeks damages from judges and state and federal agencies and Commonwealth officials based on a variety of challenges to her 2007 mortgage agreement, the 2010 and 2017 foreclosure actions, and the October 2023 eviction case.[28]

Ms. Johnson raises a variety of claims involving the non-party Bank. Ms. Johnson alleges the promissory note is a security.[29] She alleges the mortgage is invalid since Wells Fargo did not register this promissory note as a security.[30] Ms. Johnson concludes the Bank violated the Truth in Lending Act by changing the terms of her mortgage agreement several years ago without her consent.[31] Ms. Johnson alleges the Bank breached the mortgage contract, wrongfully foreclosed, and slandered Ms. Johnson's title and credit when it foreclosed on her home after several years of litigation.[32] Ms. Johnson pleads the Bank used a promissory note without a valid signature in the foreclosure proceedings.[33] Ms. Johnson alleges the promissory note is a forgery.[34] She then alleges the foreclosure judgment from the 2010 case is invalid because the Bank relied on the forged document.[35] Ms. Johnson also pleads the Bank never registered a trust.[36]

Ms. Johnson also sues the lawyer Attorney Von Rosenstiel representing the Bank from 2009-2015. She alleges Attorney Von Rosenstiel acted as the Bank's trustee when she signed the notice of default letter in 2010 and sued Ms. Johnson in the 2010 case.[37] Ms. Johnson alleges Attorney Von Rosenstiel could not lawfully act as the Bank's trustee because the Bank did not register the mortgage as a trust.[38] Ms. Johnson alleges Attorney Von Rosenstiel and her firm used

4

false or misleading practices in 2009-2015 prohibited by Congress in the Fair Debt Collection Practices Act through prohibited collection methods.[39] Ms. Johnson also pleads Attorney Von Rosenstiel misrepresented herself as an attorney in the 2010 foreclosure case and earlier default letter.[40] Ms. Johnson argues Attorney Von Rosenstiel violated her due process rights and the ban on false or misleading practices under the Fair Debt Collection Practices Act.[41]

Ms. Johnson then alleges judges, the Commonwealth, Commonwealth officials, and federal and state agencies violated federal law. Judge Shelley Robins-New lacked the authority to open the 2010 foreclosure case.[42] Ms. Johnson alleges Judge Robins-New is a fiduciary to the Bank because she presided in the case.[43] She alleges Judge Robins-New's fiduciary duty disqualifies her from the case, invalidates the foreclosure decision, and subjects the state court judge to federal judicial discipline.[44] Ms. Johnson does not plead her steps to challenge the eviction action in state court.

Ms. Johnson generally alleges unspecified persons conspired against her, committed criminal tax offenses, and inflicted emotional distress by changing the terms of the mortgage, foreclosing her home, and suing to evict her.[45]

We granted Ms. Johnson leave to proceed without paying filing fees.[46] Consistent with Congress's mandate we screen complaints filed by persons proceeding without paying filing fees, we must dismiss a complaint before issuing summons if we find the claims are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against persons immune from such relief.[47] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under this mandate.[48] Ms. Johnson can meet the Rule 12(b)(6) standard if she pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[49] We accept the facts in Ms. Johnson's

complaint as true and construe the facts in the light most favorable to her to determine whether she states a plausible claim for relief.[50]

A complaint must state a claim upon which relief can be granted.[51] The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint.[52] If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint.[53] "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[54] While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully."[55] "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient."[56]

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."[57] Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'"[58]

We dismiss the Complaint for failing to state a claim. We dismiss all federal claims with

prejudice and decline to exercise supplemental jurisdiction over the state law claims.

### A. Ms. Johnson lacks standing to bring criminal charges.

Ms. Johnson pleads unidentified people violated various criminal tax laws.[59] Private persons in federal civil actions lack standing to impose criminal liability.[60] Ms. Johnson cannot sue for criminal acts. We dismiss any reference to criminal claims with prejudice.

### B. We dismiss claims with prejudice against the state court judges, courts, Commonwealth officials, federal and state agencies.

Ms. Johnson sues the Administrative Office of the Pennsylvania Courts, the First Judicial District of Pennsylvania, the Court of Common Pleas of Philadelphia County, Sheriff Rochelle Bilal, the Office of the Philadelphia Sheriff, Judges Shelley Robins-New, Annette M. Rizzo, Joshua Roberts, Anne Marie Coyle, Idee Fox, Lisette Shirdan-Harris, and Andrea Tuominen, the Department of Housing and Urban Development, the Secretary of the Department of Housing and Urban Development Marcia L. Fudge, the Pennsylvania Attorney General Michelle A. Henry, the Pennsylvania Office of the Attorney General, Pennsylvania Governor Josh Shapiro, and the Office of the Pennsylvania Governor.

The Supreme Court requires pleadings include "a short and plain statement of the claim showing that the pleader is entitled to relief."[61] It later interpreted this Rule 8 to mean "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[62]

Ms. Johnson alleges Judge Robins-New violated her due process rights by presiding over the foreclosure case.[63] Judge Shelley Robins-New only presided over the initial 2010 foreclosure case.[64] Civil rights claims have two-year statutes of limitations.[65] Ms. Johnson's due process claims against any person involved in cases before 2021 are not timely.[66]

Ms. Johnson also does not plead facts related to these persons or entities other than the

judges. She fails to connect conduct to an alleged injury. Even if the statute of limitations did not bar this claim against Judge Robins-New, judicial immunity bars Ms. Johnson's claims against Judges Robins-New, Idee Fox, Annette M. Rizzo, Joshua H. Roberts, Shirdan-Harris for judicial activity in the 2010 case. Judicial immunity prevents suit against the judge where a judge acts within her judicial capacity.[67] It does not matter if the judge acted in error, with malice, or in excess of authority.[68] Presiding over a case is a judicial activity. Judicial immunity bar suing a judge for these actions.[69]

Ms. Johnson also does not allege facts allowing us to plausibly infer conduct by Pennsylvania's Governor Shapiro, the immune Commonwealth, the state court systems, federal agencies, and other persons. The Eleventh Amendment grants states immunity from suits by private parties in federal court.[70] Eleventh Amendment immunity does not apply where the state waives its immunity or Congress abrogates the state's immunity.[71] Pennsylvania has not waived immunity and Congress has not abrogated Pennsylvania's immunity.[72] Pennsylvania governors enjoy Eleventh Amendment immunity.[73] The Pennsylvania Office of the Attorney General enjoys Eleventh Amendment immunity.[74]

Sovereign immunity shields the United States and its agencies from suit.[75] Sovereign immunity likewise protects the Department of Housing and Urban Development from suit.[76]

We dismiss Ms. Johnson's claims against the Sheriff and Sheriff's Office with prejudice because she does not and cannot plead deficiencies in the foreclosure action to overcome qualified immunity afforded to sheriffs in effecting the sale of property under a court order.[77]

We dismiss the Administrative Office of the Pennsylvania Courts, the First Judicial District of Pennsylvania, the Court of Common Pleas of Philadelphia County, Sheriff Rochelle Bilal, the Office of the Philadelphia Sheriff, Judges Annette M. Rizzo, Joshua Roberts, Anne Marie Coyle,

Idee Fox, Lisette Shirdan-Harris, and Andrea Tuominen, the Department of Housing and Urban Development, the Secretary of the Department of Housing and Urban Development Marcia L. Fudge, the Pennsylvania Attorney General Michelle A. Henry, the Pennsylvania Office of the Attorney General, Pennsylvania Governor Josh Shapiro, and the Office of the Pennsylvania Governor.

### C. We dismiss all federal claims against Attorney Von Rosenstiel and her law firm as time-barred and failing to state a claim.

Ms. Johnson seemingly alleges several claims against Attorney Von Rosenstiel and her law firm. She alleges Attorney Von Rosenstiel violated her civil rights, tried to collect debt using methods prohibited in the Truth in Lending Act and Fair Debt Collection Practices Act, and engaged in racketeering. We dismiss her claims against Attorney Von Rosenstiel and her law firm with prejudice.

#### 1. Statutes of limitations bar claims against Attorney Von Rosenstiel and her firm.

The statutes of limitations bar Ms. Johnson's claims related to the 2010 and 2017 foreclosures. Our Supreme Court requires persons to bring Racketeer Influenced and Corrupt Organizations Act claims within four years of the violation.[78] Civil rights claims have two-year statutes of limitations.[79] Congress generally requires persons to bring Truth in Lending Act civil cases within one year.[80] But there are some exceptions including for actions alleging noncompliance with certain residential mortgage requirements.[81] These actions have a three year statute of limitations.[82] Ms. Johnson's claims must arise from facts within these windows of time.

Attorney Von Rosenstiel withdrew her appearances in 2015. She had no role since then.[83] All of the federal claims against the Bank's former attorney are time-barred based solely on Ms. Johnson's sworn admissions.

9

### 2. Ms. Johnson cannot plead civil rights claims against Attorney Von Rosenstiel and her firm.

Ms. Johnson cannot bring civil rights claims against Attorney Von Rosenstiel or her firm. Congress permits suit against persons who violate rights secured by the Constitution while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."[84] Congress did not provide a civil rights remedy for allegedly improper actions by private persons; this cause of action applies to people acting under the color of state law.[85]

We dismiss the civil rights claims against Attorney Von Rosenstiel and Von Rosenstiel, P.C. as they are not state actors and Ms. Johnson does not plead a nexus between the attorney and a state actor. Attorney Von Rosenstiel represented another private actor Bank; she did not act as a state actor.

### 3. Ms. Johnson cannot plead a Truth in Lending Act claim against Attorney Von Rosenstiel and her firm.

Ms. Johnson does not plead a Truth in Lending Act claim. She must include "a short and plain statement of the claim showing that the pleader is entitled to relief," including sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[86]

The Truth in Lending Act applies to lenders offering or extending credit.[87] Ms. Johnson does not and cannot plead Attorney Von Rosenstiel or her firm loaned or offered money to Ms. Johnson.[88] We dismiss the Truth in Lending Act claims against Attorney Von Rosenstiel and her firm.

### 4. Ms. Johnson cannot plead a racketeering claim against Attorney Von Rosenstiel and her firm.

Ms. Johnson cannot plead a plausible basis to proceed on a Racketeer Influenced and Corrupt Organizations Act claim against Attorney Von Rosenstiel and her firm.

Congress permits individuals to sue for enumerated actions defined as "racketeering" or "unlawful collection of debt."[89] It is unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."[90]

Ms. Johnson pleads Attorney Von Rosenstiel is associated with her firm. They participate in interstate commerce by using the U.S. Postal Service. Ms. Johnson does not plead a pattern of racketeering activity or collection of unlawful debt.[91]

A pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after the effective date of [the Act] and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity[.]"[92] Ms. Johnson pleads a single conclusory allegation related to racketeering.[93] She alleges "the lender has established a 'pattern of racketeering activity' by using the U.S. Mail more than twice to collect an unlawful debt[.]"[94] She does not plead dates or specific facts allowing us to plausibly infer racketeering.

Congress defines an "unlawful debt" as one "which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and [] which was incurred in connection with . . . the business of lending money or a thing of value at a rate usurious under State or Federal law[.]"[95] The "usurious rate" must be at least twice as high as the legal limit.[96] Ms. Johnson does not plead the interest rate of the mortgage, nor does she plead the rate exceeded the legal interest rate.

Ms. Johnson does not plead a pattern of racketeering. We dismiss the racketeering claims against Attorney Von Rosenstiel and her firm.

11

### 5. Ms. Johnson cannot plead a Fair Debt Collection Practices Act claim against Attorney Von Rosenstiel and her firm.

Congress sets a one-year statute of limitations for a claim under the Fair Debt Collection Practices Act.[97] Ms. Johnson's claim under the Act can only arise from the eviction action.[98] Ms. Johnson cannot plead Attorney Von Rosenstiel and her firm violated the Act in filing the eviction case earlier this year. Attorney Von Rosenstiel withdrew from representation over eight years ago. The Bank and its current counsel are moving forward on the eviction action. We dismiss claims under the Fair Debt Collection Practices Act against Attorney Von Rosenstiel and her firm with prejudice.

### D. We decline to exercise supplemental jurisdiction over the state law claims.

We dismiss all federal claims. We must next decide whether to exercise supplemental jurisdiction over the various state law claims Ms. Johnson raises. She argues the altered terms of the mortgage, the foreclosure, and the eviction case constituted wrongful foreclosure, breach of contract, slander of title, slander of credit, and infliction of emotional distress.[99] We may decline to exercise supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction."[100] We dismissed all claims over which we have original jurisdiction. We decline to exercise supplemental jurisdiction at this early stage of the proceedings.

### III. Conclusion

We dismiss Ms. Johnson's claims under federal law with prejudice. She sues immune persons without pleading facts for conduct allegedly occurring long before 2020. Her claims for all conduct other than the 2023 eviction case now in the Pennsylvania courts are barred by any possible state statute of limitations. Her claims against judges, the Commonwealth and its Governor and Attorney General, as well as claims against United States agencies are barred by

immunity.  Ms. Johnson has not, and cannot as a matter of law, plead timely claims against these named persons under federal law arising from conduct within the statutes of limitations.  We dismiss the plead federal claims against all named persons with prejudice.  Ms. Johnson may have other federal law claims against other persons arising from conduct over the past few years but not against the persons she names in this case.

We decline to exercise supplemental jurisdiction over questions of state judge disqualification, wrongful foreclosure, breach of contract, slander of title, slander of credit, and infliction of emotional distress.

---

[1] ECF No. 2 at 17-18.

[2] *Id.* at 20.

[3] *Id.* at 3.

[4] *Id.*

[5] *Id.* at 18.

[6] ECF No. 2 at 12;  Ms. Johnson refers to this person as "Martha Von Rosentiel." The Pennsylvania Supreme Court records confirm the attorney's name is "Martha Von Rosenstiel." The Supreme Court also reports Attorney Von Rosenstiel, Attorney ID No. 52634 as retired: https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/52634.
 We take judicial notice and refer to her as "Attorney Von Rosenstiel." Court documents from the mortgage foreclosure case confirm Attorney Von Rosenstiel issued the notice of default letter. ECF No. 2-1 at 2.

[7] ECF No. 2 at 12. Court documents from the mortgage foreclosure case show Attorney Von Rosenstiel was Wells Fargo Bank's lawyer for the mortgage foreclosure. ECF No. 2-1 at 2, 4.

[8] *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

[9] *Wells Fargo Bank, N.A. v. Johnson*, No. 2:18-2669, Ex. C (E.D. Pa. 2019).

[10] ECF No. 2-1 at 2; *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

[11] *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

---

[12] ECF No. 2-1 at 7. Ms. Johnson pleads the only signature on the foreclosure filing belonged to Attorney Von Rosenstiel and no one from the Bank signed the foreclosure documents. ECF No. 2 at 2–3.

[13] ECF No. 2 at 2.

[14] *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

[15] *Id.*; *Estate of Johnson v. Shapiro*, No. 22-895 (E.D. Pa. 2023). Judge Marston remanded because of untimely removal but also found she failed to state a claim if she intended to file a new case. *Id.* ECF no. 10.

[16] *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

[17] *Wells Fargo Bank, N.A. v. Johnson,* No. 171001006 (Pa. Ct. Com. Pl. 2017). It is not clear why Wells Fargo brought a separate foreclosure suit about the same property.

[18] *Wells Fargo Bank, N.A. v. Johnson*, 18-02669, ECF No. 1 at 9 (E.D. Pa. 2018).

[19] *Wells Fargo Bank, N.A. v. Johnson,* No. 171001006 (Pa. Ct. Com. Pl. 2017).

[20] *Id.*; *Wells Fargo Bank, N.A. v. Johnson*, 18-2669, (E.D. Pa. 2018). We lacked subject matter jurisdiction to hear the case. *Id.*, ECF No. 2.

[21] *Wells Fargo Bank, N.A. v. Johnson,* No. 171001006 (Pa. Ct. Com. Pl. 2017).

[22] *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010). Ms. Johnson filed for bankruptcy during the foreclosure case which stayed the Sheriff's Sale. *Id.*

[23] *Wells Fargo, N.A. v. Johnson*, No. 23-04497, ECF No. 1-1 at 9–11 (E.D. Pa. 2023). Ms. Johnson does not explain the several year delay between the foreclosure and eviction cases, but we note she continuously appealed orders in the foreclosure cases. *See Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010); *Wells Fargo Bank, N.A. v. Johnson,* No. 171001006 (Pa. Ct. Com. Pl. 2017).

[24] ECF No. 2 at 6. Ms. Johnson pleads Attorney Von Rosenstiel sued her in the eviction case but Wells Fargo did. This is false as confirmed by the public record. Powers Kirn, LLC represented the Bank.

[25] *Wells Fargo, N.A. v. Johnson*, No. 23-04497, ECF No. 1-1 at 1–2 (E.D. Pa. 2023).

[26] *Wells Fargo, N.A v. Johnson*, No. 231002091 (Pa. Ct. Com. Pl. 2023). Ms. Johnson inaccurately pleads Honorable Shelley Robins-New presided over the case. ECF No. 2 at 6, 9. Honorable Shelley Robins-New presided over the 2010 foreclosure case. *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

14

---

[27] ECF No. 2 at 6, 9.

[28] ECF No. 2.

[29] *Id.* at 12, 18–19.

[30] *Id.*

[31] *Id.* at 6.

[32] *Id.* at 23–24.

[33] *Id.* at 2.

[34] *Id.*

[35] *Id.* at 2–3.

[36] *Id.* at 13.

[37] *Id.*

[38] *See id.*

[39] *Id.* at 6, 15.

[40] *Id.* at 12.

[41] *Id.*

[42] ECF No. 2 at 9.

[43] *See id.* at 6.

[44] *Id.* at 9. We take notice Judge Robins-New is a judge on the Court of Common Pleas of Philadelphia County.

[45] ECF No. 2 at 6–7, 24.

[46] ECF No. 5, ¶ 1.

[47] 28 U.S.C. § 1915(e)(2)(B)(ii).

[48] *Elansari v. Univ. of Pennsylvania*, 779 Fed. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[49] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[50] *Elansari*, 779 Fed. App'x at 1008.

[51] Fed. R. Civ. P. 12(b)(6).

[52] *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019).

[53] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)).

[54] *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[55] *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

[56] *Riboldi*, 781 F. App'x at 46 (quoting *Iqbal*, 556 U.S. at 668).

[57] *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)).

[58] *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[59] 18 U.S.C. 241; 26 U.S.C. §§ 7021 *et seq*. Ms. Johnson alleges Attorney Von Rosenstiel and her firm violated lien laws. She does not specify what she means by "lien laws," but she seems to argue the sale of the property in 2023 through foreclosure constituted a lien on the property in violation of criminal tax laws. Attorney Von Rosenstiel stopped representing the Bank eight years earlier.

[60] *See, e.g.*, *Conception v. Resnik,* 143 Fed. Appx. 422, 425–26 (3d Cir. 2005) (citing *U.S. v. Friedland,* 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")).

[61] Fed. R. Civ. P. 8(a)(2).

[62] *Iqbal*, 556 U.S. at 678.

[63] ECF No. 2 at 6, 9.

[64] *Wells Fargo Bank, N.A. v. Johnson,* No. 100401188 (Pa. Ct. Com. Pl. 2010).

---

[65] *Cibula v. Fox*, 570 Fed. App'x. 129, 134 (3d Cir. 2014) (citing *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003)).

[66] *See id.*

[67] *See, e.g.*, *Kaetz v. Mark*, 429 F. App'x 112, 113 (3d Cir. 2011) (citing *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978)).

[68] *See, e.g.*, *Kaetz*, 429 F. App'x at 113 (citing *Stump*, 435 U.S. at 356–57).

[69] *See, e.g.*, *Kaetz*, 429 F. App'x at 113.

[70] U.S. CONST. AMEND. XI.

[71] *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *see also*, 42 Pa. Cons. Stat. § 8521 (reserving Eleventh Amendment immunity).

[72] *Downey*, 968 F.3d at 310 (3d Cir. 2020).

[73] *Ulrich v. Corbett*, 614 F. App'x 572, 574 (3d Cir. 2015).

[74] *Addlespurger v. Corbett*, 461 F. App'x 82, 86 (3d Cir. 2012).

[75] *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 240 (3d Cir. 2011) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

[76] *Alvarez v. HUD*, No. 22-3631, 2022 WL 5221357, at *2 (E.D. Pa. Oct. 5, 2022).

[77] *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013) (holding qualified immunity protects sheriff from claims arising from enforcing valid foreclosure judgment); *McBride v. PHH Mortg. Corp.*, No. 18-1401, 2019 WL 4605629, at *13 (W.D. Pa. Aug. 28, 2019), *report and recommendation adopted*, No. 18-1401, 2019 WL 4597708 (W.D. Pa. Sept. 23, 2019) (same).

[78] *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987); *LabMD, Inc. v. Boback*, 47 F.4th 164, 179 (3d Cir. 2022).

[79] *Cibula v. Fox*, 570 Fed. App'x. 129, 134 (3d Cir. 2014) (citing *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).

[80] 15 U.S.C. § 1640(e).

[81] 15 U.S.C. §§ 1639, 1639b *et seq.*

[82] 15 U.S.C. §§ 1640(e).

---

[83] *Wells Fargo v. Johnson*, No. 231002091 (Pa. Ct. Com. Pl. 2023); *Wells Fargo Bank, N.A. v. Johnson,* No. 171001006 (Pa. Ct. Com. Pl. 2017).

[84] 42 U.S.C. § 1983.

[85] *Porter v. Pa. Dep't of Corrs*., 974 F.3d 431, 437 (3d Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Fleming v. Warren*, No. 19-2926, 2019 WL 5086962, at *4 (E.D. Pa. Oct. 10, 2019), *aff'd,* 812 F. App'x 102 (3d Cir. 2020) ("Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation[.]").

[86] Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678.

[87] 12 CFR § 226.1. There are other threshold requirements for the Truth in Lending Act, 12 CFR § 226.1.(c)(1), but Ms. Johnson does not plead sufficient facts to apply this law.

[88] Ms. Johnson alleges the Bank loaned her money. But Ms. Johnson did not sue the Bank.

[89] 18 U.S.C. §§ 1962, 1964.

[90] 18 U.S.C.. § 1962(c).

[91] 18 U.S.C.. § 1962(c).

[92] 18 U.S.C. § 1961(5).

[93] ECF No. 2 at 4.

[94] *Id.*

[95] 18 U.S.C. § 1961(6).

[96] *Id.*

[97] 15 U.S.C. §§ 1692e, 1692k(d).

[98] *Id.* §§ 1692e, 1692k(d).

[99] ECF No. 2 at 23–24.

[100] 28 U.S.C. § 1367.